```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    JACKSON DIVISION
```

**UNITED STATES OF AMERICA**                                                **PLAINTIFF**

VS.                                         CIVIL ACTION NO. 3:06cv285-WHB-JCS

**A PARCEL OF REAL PROPERTY LOCATED AT
101 GOLDING BOULEVARD, VICKSBURG,
WARREN COUNTY, MISSISSIPPI WITH ALL
APPURTENANCES, IMPROVEMENTS, AND
FIXTURES THEREON AND ALL PROCEEDS
THEREOF, and PERSONAL PROPERTY INCLUDING
ONE HARLEY DAVIDSON 2005 SCREAMING EAGLE
FAT BOY MOTORCYCLE, ONE OIL CANVAS PAINTING
TITLED "HIGH SOCIETY", ET AL.**                                         **DEFENDANTS**

### OPINION AND ORDER

This cause is before the Court on the Motion and Supplemental Motion of Robert Arledge and Betty Arledge ("Claimants") for Release of Property Pursuant to 18 U.S.C. § 983(f). The Court has considered the Motion, Supplemental Motion, Responses thereto, and supporting and opposing authorities and finds that the Motions are not well taken and should be denied.[1]

---

[1] In their Supplemental Motion, Claimants question whether the Government is properly protecting their seized vehicles. The Government responds that the vehicles are currently held in a secured enclosure in Jackson, Mississippi, which is in the vicinity of the GPS coordinates cited by Claimants. The Court finds no basis for concluding that the Government has been remiss in protecting the seized vehicles, and additionally finds no reason for releasing the subject vehicles based on Claimants' security concerns.

## I.  Discussion

On May 26, 2006, the United States Government ("Government") seized property belonging to Claimants including a green 2006 Lexus LX470 Sport Utility Vehicle, bearing Vehicle Identification Number JTJHT00W364003861 ("Lexus") and a black 2006 Mercedes Benz, bearing Vehicle Identification Number WDDDJ76X66A038353 ("Mercedes").  The Government did not seize a third vehicle belonging to Claimants, which has remained in their possession.  Claimants now seek the release of the Lexus and/or Mercedes pursuant to 18 U.S.C. § 983(f).

Congress enacted Section 983(f) as part of the Civil Asset Forfeiture Reform Act of 2000 to provide a mechanism for the release of seized property during the pendency of a civil forfeiture proceeding in cases in which continued possession of the property by the Government would create a substantial hardship on individuals claiming an interest in the property.  This statute provides, in relevant part:

> (1) A claimant under subsection (a) is entitled to immediate release of seized property if–
>
> (A) the claimant has a possessory interest in the property;
>
> (B) the claimant has sufficient ties to the community to provide assurance that the property will be available at the time of the trial;
>
> (C) the continued possession by the Government pending the final disposition of forfeiture

>      proceedings will cause substantial hardship to
>      the claimant, such as preventing the
>      functioning of a business, preventing an
>      individual from working, or leaving an
>      individual homeless;
>
>      (D) the claimant's likely hardship from the
>      continued possession by the Government of the
>      seized property outweighs the risk that the
>      property will be destroyed, damaged, lost,
>      concealed, or transferred if it is returned to
>      the claimant during the pendency of the
>      proceeding; and
>
>      (E) none of the conditions set forth in
>      paragraph (8) applies.[2]

18 U.S.C. § 983(f)(1). The requirements set forth in Section 983(f) are conjunctive in nature. Therefore, to obtain a release of property under this statute, a claimant must submit a petition to the district court setting forth "the basis on which" the claimant has met all of the requirements for release. 18 U.S.C. § 983(f)(3)(A)&(B). If "the claimant demonstrates that the requirements of paragraph [(f)](1) have been met," the district court shall order the property released pending completion of the forfeiture proceeding. Id. § 983(f)(6). See generally United

---

[2] Under Section 983(f)(8), property may not be released if the seized property:
   (A) is contraband, currency, or other monetary instrument, or electronic funds unless such currency or other monetary instrument or electronic funds constitutes the assets of a legitimate business which has been seized;
   (B) is to be used as evidence of a violation of the law;
   (C) by reason of design or other characteristic, is particularly suited for use in illegal activities; or
   (D) is likely to be used to commit additional criminal acts if returned to the claimant.

States v. Undetermined Amount of U.S. Currency, 376 F.3d 250, 264 (4th Cir. 2004).

Claimants assert, and the Government does not dispute, that they have a property interest in the subject Lexus and Mercedes, and they have sufficient ties to the community to assure the vehicles will be available at the time of trial in the event the vehicles are released into their possession.  Further, Claimants assert, and the Government does not dispute, that the release of the subject vehicles is not barred by any of the factors enumerated in Section 983(f)(8).  The issue before the Court is whether Claimants have shown that the continued possession of the vehicles by the Government will cause them substantial hardship, and the alleged hardship outweighs the risk the vehicles may be destroyed or damaged in the event they are released to Claimants.  18 U.S.C. § 983(f)(1)(C) & (D).

"Substantial hardship" for the purposes of Section 983 may be made upon showing, *inter alia*, that the seizure of the property is "preventing the functioning of a business, preventing an individual from working, or leaving an individual homeless."  Id. at § 983(f)(C).  Claimants do not assert that the seizure of the Lexus and/or Mercedes is interfering with a business or preventing either of them from working.  The only statements offered by Claimants in support of their claim of substantial hardship is that Claimant Robert Arledge is required to travel by car to prepare for the

4

trial in his criminal case and that the Claimants "frequently need to go to separate places on any given day." The Court finds that these statements, in light of the fact that Claimants remain in possession of one other vehicle, show inconvenience but are insufficient to establish "substantial hardship."[3]

## II.  Conclusion

For the forgoing reasons:

IT IS THEREFORE ORDERED that Claimants' Motion for Release of Property Pursuant to 18 U.S.C. § 983(f) [Docket No. 29] and Claimants' Supplemental Motion for Relief Regarding Claimants' Motion for Release of Property Pursuant to 18 U.S.C. § 983(f) [Docket No. 33] are hereby denied.

SO ORDERED this the 1st day of November, 2006.


                                    s/ William H. Barbour, Jr.
                                    UNITED STATES DISTRICT JUDGE

---

[3] In support of their Motion, Claimants cite United States v. $1,231,249.68 in Funds, 227 F. Supp. 2d 125, 128 (D.C.C. 2002), a case in which the trial court found substantial hardship based on evidence that the claimants needed transportation for day-to-day activities but lacked access to public transportation. Unlike the claimants in In re $1,231,249.68 in Funds who were left with no transportation after the only two family vehicles were seized, Claimants in the case *sub judice* were allowed to retain possession, and have enjoyed full use, of at least one family vehicle. Accordingly, the Court finds that In re $1,231,249.68 in Funds is distinguishable on its facts, and does not support the release of the subject vehicles in this case.